IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SCOTT A. NEU,

    Defendant,                       CASE NO. 2:09-cv-257
                                        JUDGE GRAHAM
v.                                       MAGISTRATE JUDGE ABEL

TIMOTHY BRUNSMAN, Warden,

    Respondent.

## OPINION AND ORDER

On October 12, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § § 2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.* Doc. 13. Pursuant to this Court's Order, Respondent has filed a response. Doc. 15. For the reasons that follow, Petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.** Petitioner's request for a certificate of appealability is **GRANTED.**

As discussed by the Magistrate Judge, Petitioner's sentence became final on September 30, 2006, thirty days after imposition of sentence, and when the time period expired to file a timely appeal. The statute of limitations expired one year later, on September 30, 2007. Petitioner waited approximately one and on half years, until March 24, 2009, to file his habeas corpus petition. Petitioner objects, however, to the Magistrate Judge's recommendation of dismissal of his habeas corpus petition as time-barred. Petitioner again argues that he is entitled to equitable tolling of the statute of limitations. Additionally, he contends that the statute of limitations did not begin to run

until February 4, 2010, when the trial court issued a nunc pro tunc entry of sentence.

In response to Petitioner's objections, Respondent has attached documents indicating that, contrary to Petitioner's allegation here, the February 4, 2010, nunc pro tunc entry of sentence Petitioner refers to did not involve his convictions in Logan County, which are at issue in these proceedings, but his convictions in Auglaize County. *Response to Objections, Exhibits A-C*. Therefore, this Court need not address whether the nunc pro tunc entry of sentence would have had any effect on the start date of the running of the statute of limitations in this case. Further, a petitioner is entitled to equitable tolling only if he shows that he has diligently pursued his rights and that "'some extraordinary circumstance stood in his way' and prevented timely filing. *Holland v. Florida*, – U.S. –, 130 S.Ct. 2549, 2562 (2010)(citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court likewise is unpersuaded that Petitioner has met this standard here.

As to Petitioner's request for a certificate of appealability, where the Court dismisses a claim on procedural grounds, a certificate of appealability

> should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

2

The Court is persuaded that reasonable jurists would debate whether this Court appropriately dismissed Petitioner's habeas corpus petition as time-barred. The following issue is certified for appeal:

> Is the instant habeas corpus petition barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)?

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For these reasons and for the reasons discussed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

**IT IS SO ORDERED**.

S/ James L. Graham<br>
JAMES L. GRAHAM<br>
UNITED STATES DISTRICT JUDGE

Date: Jan. 18, 2011